*JOHN DOE, EX DEM. DAVID GWYNNE, v. RICHARD ROE.  [435

THE SAME, EX DEM. GEORGE MORRIS, v. THE SAME.

Where landlord proposes to be made defendant in ejectment, and tenants for years under him do not, plaintiff can not insist upon joining the tenants.

THESE actions were brought in the Supreme Court of Hamilton county to recover the possession of certain lots in the city of Cincinnati.

Declarations were duly served upon the tenants in possession. At the appearance term, William Harmer and others, heirs at law of Josiah Harmer, moved the court to be made defendants in the place of the casual ejectors; and, at the same time, presented a petition to remove the causes to the next Circuit Court of the United States for the district of Ohio.

It appeared that the value of the premises in question was greater than five hundred dollars, exclusive of costs; that the lessors of the plaintiffs were residents of the State of Ohio; that the persons upon whom the declarations were served were tenants for years under the said William Harmer and others, who were owners of the fee, and bound by their covenants to sustain their said tenants in the quiet possession of the premises; and that the said William Harmer and others are citizens and residents of the Commonwealth of Pennsylvania.   Bonds with security were entered in pursuance of the act of Congress.   Vol. ii. 60.

The decision of these motions were reserved for the special session.

CASWELL and STARR, for the motion:

We understand the plaintiffs to contend that they have a right to insist that the tenants shall be made defendants with the landlords, and having thus made the tenants parties to the record, the federal court will be ousted of its jurisdiction, inasmuch as all the parties will not, in that event, be competent to sue in that court.

Doe v. Roe.

The plaintiffs concede that unless they have a right to insist upon the tenants being made parties, that the present defendants have a right to remove their causes for trial to the Circuit Court of the United States.

*They, however, contend that the court, in the exercise of its discretion, can interpose such parties as shall, in effect, defeat the operation of our own statute and the act of Congress. This position, as it is sought to be applied, we utterly deny. We say that the rights of those who apply to be made defendants, and remove their cause for trial to the circuit court, are matters of positive legislation.

The court, in examining this question, will constantly bear in mind that these applications were made by the owners of the fee, and not by the tenants.

The heirs of General Harmer, having acquired the property in controversy by descent from their ancestor, ask the court to permit them to defend their title, in the place of the casual ejector. This granted, they ask that their cause may be tried in the federal court, because they are citizens of the State of Pennsylvania, and the plaintiffs are citizens of the State of Ohio. Have they a right thus to defend their title and possession? We think they have. Section 59 of the practice act (22 Ohio L. 60) provides: "That no plaintiff shall proceed in ejectment, and recover any lands or tenements against any casual ejector, without ten days' notice being given to tenant in possession (if any there be)—and it shall be lawful for the court, on application for that purpose, to make the tenant, or landlord, or both, or any other person claiming title to the premises, defendant in the place of the casual ejector." Section 60 of the same act provides: "That the plaintiff, on affidavit of the delivery of the declaration of ejectment, shall have judgment against the casual ejector, unless the tenant in possession, or landlord, or some other person, *shall apply* to be made defendant, and enter into the common consent rule, within the term to which the tenant had notice to appear."

According to the provision of this statute, the tenant in possession had a right, when suit was brought, to appear and make an application to defend his possession, under the title of his landlord, and the court having satisfactory evidence that he was a tenant in possession, would be bound to admit him as a defendant. *If he does not choose to appear, he may give notice to his

Doe v. Roe.

landlord of the pendency of the suit, and call upon him to defend his possession.

If the court are satisfied that he has a claim to the property, and he applies to defend that right and the possession of his tenant, they are bound to permit him to do so, and any other person claiming title to the premises has a right to demand that a judgment shall not be entered against the casual ejector without a trial of the right of the plaintiff to the possession of the property for which the suit is brought.

In the cases before the court the tenants do not apply to be made defendants, but relying upon their covenants for quiet and peaceable possession, they give notice to their landlord, as they were bound to do, and *they* appear at the bars of the court, and showing their interest, ask to be made defendants upon the usual terms. Under these circumstances, is it competent for the court to enter a judgment by default against the casual ejector? The petitioners in this case have adopted the usual mode of proving their interest.

They have made oath that they are the owners, in fee, of the premises, and are in possession by their tenants, whose possession they are bound by their covenants to defend.

They have in all things complied with the provisions of the act of Congress authorizing them to remove the causes. This point is not disputed.

The defendants insist that the court have no power to *compel* the tenant or any other person to make himself a defendant—that there is no process known to the law which will compel the tenant to appear, and the landlord can not substitute the name of the tenant for that of the casual ejector, and subject him to costs without his consent; and if he should so enter it, the tenant might apply to the court and have it stricken out. If no person will appear and make himself a defendant, within the provisions of the statute and the practice of the courts, it is the duty of the court to render judgment by default against the casual ejector. This is the utmost limit of the power of the court. Can this power be exercised, consistent with the law, where the owner of the *fee appears, complies with the provisions of the law, [438 and asks to defend his title?

We think the statute too plain to admit of any reasonable doubt, and if we resort to the common law and the practice of the

courts, we shall find that the right of the landlord thus to defend his possession has been uniformly sustained.

I have already observed that the defendants are strictly within the terms of the act of Congress, and have complied with all its conditions. It is not deemed necessary to recite the act; it will be found in 2 Laws of the United States, 60.

We admit, to establish our right to remove these causes into the federal court, we must show that all the defendants have a right to be heard in that court.

If the interests of the defendants be joint, all must have a right to sue or defend in that court, or the cause can not be removed from the state court. This position is fully established in the following cases: 3 Cranch, 267; 1 Wheaton, 91; 5 Cranch, 303; 8 Wheat. 451, 1 Paine, 410; 1 Dunlap's Prac. 232; 1 Kent's Com. 324.

But we contend there is not, from necessity, any joint interest between landlord and tenant. They may or may not both be interested to retain the possession. There is no unity of interest within the meaning of the law.

In order to be within its spirit and meaning, their interests must be such that the one can not sue or defend without the other. No such interest exists between landlord and tenant. They may unite in their defense or not, at their pleasure.

It is contended by the plaintiffs that after they shall have recovered in their action of ejectment, they can not recover the *mesne* profits of the non-resident landlord, and therefore they have a right to insist that the tenants shall be made defendants. *Non sequiter.*

Suppose neither the landlord nor tenant appears to defend, and judgment is taken against the casual ejector, how will the plaintiff recover the *mesne* profits then?

The learned gentlemen who oppose these applications are too deeply versed in actions of this kind not to know that after a writ 439] of possession is executed they can maintain *their action of trespass, and recover the *mesne* profits of any person who has been in possession of the premises.

It is not necessary that the tenant should be made a defendant, in order to enable them to recover from him the mesne profits, and any damage sustained by waste.

The only difference which would exist between the case of a

Doe *v.* Roe.

judgment, by default, against the casual ejector, and the judgment on trial, where the tenant is made a defendant, would be in the proof necessary to sustain the action of trespass.

In the one case, the record would prove it, for all the time covered by the declaration in ejectment, and in the other, the plaintiff would be compelled to prove that the defendant in the action of trespass had been in possession.

But the right of these petitioners is not to be defeated in order to save the plaintiffs the trouble of making that proof. The court have no discretion upon this subject. As we have before observed, the rights of these defendants, if they have any, are the result of positive legislation.

If the reasoning of the plaintiff's counsel be correct, a non-resident proprietor can never try his cause in the federal courts without first abandoning his possession.

If he put a tenant upon the premises, he can not have the aid of the federal court to sustain his title.

Of what value would a recovery be to him in the federal court? He brings his suit as he has a right to do (being out of possession), in the federal court. He establishes his title; a writ of possession issues; he is put in possession under it; he then leases his land to tenants. His opponent then brings suit in the state court to regain that possession. He serves *his* declaration and notice upon the tenants. The landlord can not defend in the federal court because, forsooth, he did not abandon the possession awarded to him by the federal court. The state court is unfavorable to his claim, and renders a judgment against the casual ejector, because the tenant does not choose to defend, and they will not admit the landlord to appear without him; and thus the means used by him to render his title secure, and his former recovery valuable, are made the ground of defeat by the state court.

*We have as much confidence in, and are as justly proud [440 of the independence of our state tribunals, as our learned opponents.

But we can not surrender the rights of our clients without a struggle. We think it as much the duty of the state courts to surrender their jurisdiction to the federal tribunals, in those cases clearly provided for by the law and the constitution, as it is to exercise it in cases within their own jurisdiction.

If we are correct in the construction we have given to the laws of Congress and of the state, the court will accept the bond and

order the causes to be removed for trial to the next Circuit Court of the United States for the district of Ohio.

C. HAMMOND, contra:

These cases present for the consideration of the court a single question, which is thought by the plaintiffs' counsel to stand free from any difficulty. Both cases involve the same point. The lessors of the plaintiffs claim, in separate rights, certain property, upon which the tenants in possession have leases for a term of years. Aaron Valentine for a term of ten years, Duncan McCollom for the term of ten years, Jedediah Banks for the term of ten years, and J. U. Phillips for the term of ten years. Each of these leases are for separate parcels of the land in controversy.

Josiah Harmer and others, purporting to be the lessors in these leases, come into court upon the return of the ejectments, and move to be admitted defendants, in place of the casual ejectors, and claim to be so admitted, exclusive of the lessees' tenants in possession. The Harmers are citizens of the State of Pennsylvania, and with their motion to be admitted sole defendants, they prefer a petition to remove the causes to the Circuit Court of the United States. The question for decision is, have the applicants a right to be admitted exclusive defendants, under the circumstances of the case?

The laws of Ohio, vol. xxii. 62, sec. 59, provides that "it shall be lawful for the court, on application for that purpose, to make the tenant, or landlord, or both, or any other person *claiming title to the premises, defendant, in the place of the casual ejector." This law submits the question of admitting defendants to the sound discretion of the court. What is a legitimate exercise of that sound discretion in this case?

The object of the applicants is, by being admitted sole defendants, to oust this court of jurisdiction, and take the cause to a tribunal of their own preference. The first consequence of indulging them is, that the plaintiffs, supposing them to recover, are compelled to look to the applicants for their mesne profits, instead of the parties in actual possession. The plaintiffs claim that the court ought not to compel them to accept of any responsibility for mesne profits which substitutes others for the tenants in possession, to whom they might prefer to resort. They claim, further, that the court ought not to compel them to accept as defendants,

Doe *v.* Roe.

residents of another state, against whom no redress in action for mesne profits can be had in this state unless they please to appear. The plaintiffs, if they recover in ejectment, ought not, by the act of the court, in admitting defendants, to be driven to seek their mesne profits in a distant state. The plaintiffs claim that the avowed object of the application is one which is entitled to no favorable consideration. It is the peculiar and the exclusive province of the state courts to settle the rights of property within the state. The federal courts expressly and fully recognize this, and conform their decisions to those of the states. This, then, is an attempt to draw the decision from the appropriate tribunal to one that confessedly follows it in its decisions. Ought this court to aid parties in the perfecting such an object?

The English statute, upon this subject (11 Geo. II., c. 19, s. 13), made it lawful for the court to admit the landlord to join, as defendant, with the tenant, or to be made defendant by himself. There is more verbiage in the English statute than in ours. But their provisions are substantially the same. Very soon after the enacting of this statute, Fairclaim, Lessee of Fowler, *v.* Shawtelle, 3 Burr. 1290, 1304, it was admitted in the king's bench that this statute was but an affirmance of the practice of the courts. Since the statute the English courts, in admitting defendants, have been careful to establish the practice that was calculated *to [442 protect the interests of all concerned. And we hold that our court should act upon similar principles.

The lessees in this case, who are the actual tenants, have a direct and permanent interest. They only are entitled to the present possession. The persons claiming to be exclusive defendants, could not dispossess them. But by colluding with a plaintiff, if permitted to make the entire defense, this could be effected. Nothing short of an express refusal of the lessees to be made defendants, would warrant the court in substituting the applicants, even if the plaintiffs did not object. We deem it unnecessary to enlarge upon this matter.

By the Court:

Upon service of a declaration in ejectment, if no application be made to the court by the tenant, or other person claiming title, for leave to defend, a judgment by default passes as of course; and the court have no power to compel the tenant in possession, or

403

any one else, to make a defense. By section 59, of the judiciary act, a discretionary power is vested in the court to admit the tenant, landlord, or other person claiming title, upon application being made to the court for that purpose. In these cases the tenants are not before us. They make no application to be admitted defendants, either severally or in conjunction with their landlords; and it is out of the power of the court to compel them, *nolens volens*, to undertake the defense. The application is made by the landlords alone, and having exhibited a *prima facie* right, they must be admitted as defendants. The landlords being admitted as defendants, and showing themselves citizens and residents of the Commonwealth of Pennsylvania, are entitled to the privileges of the act of Congress; and the cases are accordingly certified to the Circuit Court of the United States: